CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
9/11/2024
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| LANDSTAR RANGER, INC. | ) |
| Plaintiff, | ) |
| v. | ) Case No. 6:24cv00047 |
| AAGR FREIGHT FORWARDING, INC.<br>Serve: Robert B. Walker<br>708 Old Hunt Way<br>Herndon, VA 20170<br><br>ROBERT GAMIL<br>6452 Mary Ellen Ave.<br>Van Nuys, CA 91401<br><br>GEVORG REGANIAN<br>1160 Justin Ave., Apt. 5<br>Glendale, CA 91201<br><br>Defendants. | ) |

# COMPLAINT

Landstar Ranger, Inc. (hereinafter referred to as "Landstar" or "Plaintiff"), by and through Counsel, and for its Complaint against Defendants AAGR Freight Forwarding, Inc. (hereinafter referred to as "AAGR"), Robert Gamil (hereinafter referred to as "Gamil"), and Gevorg Reganian (hereinafter referred to as "Reganian") (collectively, "Defendants") states as follows:

Parties

1. Landstar Ranger, Inc. is a Delaware corporation whose principal place of business is 13410 Sutton Park Drive South, Jacksonville, FL 32224.

2. Landstar is engaged in the arranging for and performance of interstate carriage for hire by authority issued to it by the Federal Motor Carrier Safety Administration ("FMCSA").

1

3. Defendant AAGR was at all times here relevant a Georgia corporation whose principal place of business is 1256 Oakbrook Drive, Ste. E, Norcross, GA 30071.

4. Defendant AAGR's agent for service of process pursuant to 49 CFR 366 in the Commonwealth of Virginia is Robert B. Walker whose address is 708 Old Hunt Way, Herndon, VA 20170.

5. Defendant Gamil was at all times here relevant the Chief Executive Officer of Defendant AAGR whose address is 6452 Mar Ellen Ave., Van Nuys, CA 91401.

6. Upon information and belief, Gamil is not a member of the Armed Services pursuant to the Soldiers and Sailors Act.

7. Defendant Reganian was at all times here relevant the Secretary of AAGR whose address is 1160 Justin Ave., Apt. 5, Glendale, CA 91201.

8. Based upon information and belief, Reganian is not a member of the Armed Services pursuant to the Soldiers and Sailors Act.

<u>Jurisdiction and Venue</u>

9. This Court has subject matter jurisdiction over the instant action pursuant to 28 USC 1332(a)(1). Plaintiff and Defendants are citizens of different states.

10. This matter exceeds $75,000 in controversy, exclusive of interest and costs.

11. Pursuant to 28 USC 1391(b), venue is proper in this district in division in that Defendants contracted with Landstar to provide services in Lynchburg, Virginia.

12. This Court has personal jurisdiction over Defendants in that Defendants arranged for and ultimately contracted with Landstar to transport shipments in interstate commerce from various points of origin delivering same to various destinations including Lynchburg,

Virginia and the transportation charges for these shipments are the basis of Plaintiff's claims.

13. At all times here relevant, AAGR held itself out to be a federally licensed freight forwarder pursuant to authority issued to it by the Federal Motor Carrier Safety Administration (FMCSA) at FF-39702.

14. Unbeknownst to Landstar, AAGR's authority as a freight Forwarder was revoked on February 7, 2024 by the FMCSA. See Appendix A.

## COUNT I – BREACH OF TRANSPORTATION CONTRACTS

15. Between February 27, 2024 and March 18, 2024 Defendants tendered 178 shipments to Landstar. See Appendix B, Invoice Summary and shipping documents.[1]

16. Landstar was the transportation entity of record on each of the shipping documents and arranged for and performed the services herein. See Appendix B.

17. Landstar arranged for and/or transported each of the shipments from point of origin delivering same to various destination points including Lynchburg, Virginia. See Appendix B.

18. On each of the shipments Defendants received the economic benefit of Landstar's services are liable for Landstar's freight charges.

19. Landstar, on each of the shipments, invoiced Defendant AAGR at their Norcross, Georgia office in the total amount of $418,159.48.

20. Defendant AAGR accepted these invoices and underlying paperwork without objection or protest.

---

[1] Due to the voluminous nature of the shipping documents, only a representative sample is being provided.

21. Landstar presented its claim for each of the shipment before the filing of action but despite due demand, AAGR has failed to make payment to Landstar.

WHEREFORE, Plaintiff Landstar Ranger, Inc. prays to the Court for judgment as follows:

(1)    That judgment be entered against Defendant AAGR Freight Forwarding, Inc. and that Landstar be awarded $418,159.48 for unpaid freight charges; and

(2)    For such other and further relief as this Court may deem just and proper.

### COUNT II - BREACH OF MAP-21 AGAINST DEFENDANTS AAGR FREIGHT FORWARDING, INC., ROBERT GAMIL, AND GEVORG REGANIAN FOR UNLAWFUL BROKERAGE ACTIVITIES

22. Plaintiff Landstar restates and reincorporates the allegations contained in Paragraphs 1-21 as though fully set forth herein.

23. As set forth under 49 U.S.C. 14916(a):

(a)    Prohibited Activities – A person may provide interstate brokerage services as a broker only if that person-
(1) is registered under, and in compliance with, section 13904; and
(2) has satisfied the financial security requirements under section 13906.

24. At all times here relevant, AAGR was not licensed and bonded as a federally licensed property broker in violation of MAP-21. See Appendix A.

25. Defendants Gamil and Reganian knowingly consented to, permitted directly or indirectly, either individually or in conjunction with other persons, a violation of 49 U.S.C. 14916(a) and are liable to Landstar under 49 U.S.C. 14916(c) for all valid claims without regard to amount.

26. Defendants Gamil and Reganian, as corporate officers of Defendant AAGR, are jointly and severally liable for AAGR's unauthorized brokerage operations. See 49 U.S.C. 14916(d)(2).

WHEREFORE, premises considered, Plaintiff Landstar Ranger, Inc. prays to the Court as follows:

(1)     that Landstar Ranger, Inc. be awarded judgment against AAGR Freight Forwarding, Inc., Robert Gamil, and Gevorg Reganian, jointly and severally, in the amount of $418,159.48; and

(2)     for such other and further relief as this Court may deem just and proper.

    Respectfully submitted,

    /s/ John T. Husk
    John T. Husk, VSB #32801
    Law Office of Seaton & Husk, LP
    2240 Gallows Road
    Vienna, VA 22182
    Tel: 703-573-0700
    Fax: 703-573-9786
    johnhusk@transportationlaw.net

    *Counsel for Landstar Ranger, Inc.*